LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:    Bernard V. Kleinman, Esq.
       108 Village Square
       Suite 313
       Somers, NY 10589-2305
       Tel. 914.644.6660
       Fax 914.694.1647
       Email: *attrnylwyr@yahoo.com*
<u>Attorney for Plaintiffs</u>

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
=====================================:
ROSE BANKS, LAMONT BANKS,        :
DAVID BANKS, COLORADO SPRINGS  :
FELLOWSHIP CHURCH,                  :    Docket No. 20-cv- 2074
                  Plaintiffs,          :
                                        :
— *versus* —                            :    **COMPLAINT & JURY**
                                        :            **DEMAND**
TERRELLE JACKSON, DUSTIN JACKSON,  :
Jointly and Severally,                  :
                  Defendants.    :
=====================================:

    1. Plaintiffs, ROSE BANKS, LAMONT BANKS, DAVID BANKS, and COLORADO SPRINGS FELLOWSHIP CHURCH, by way of Complaint, by and through their attorney of record, Bernard V. Kleinman, an attorney duly admitted to practice before the Bar of this Court, do hereby aver and allege as follows,

### INTRODUCTION & BACKGROUND

    2. In or around June, 2018, Defendants TERRELLE JACKSON and DUSTIN JACKSON, did post on social media defamatory, false and slanderous statements about the named Plaintiffs.

    3. These postings, made to the Facebook® page of the named Defendant were not discovered by the named Plaintiffs until August, 2019.

4. On or about April 21, 2020 a cease and desist letter was mailed to the named Plaintiffs informing them of the fact that the publication of this defamatory material was to cease and that all publications of same were to be withdrawn, forthwith.

5. The named Defendants never responded to these letters, and as set forth below, continue to publish false, defamatory and outrageous statements regarding the named Plaintiffs, evidencing their malice and knowing disregard for the truth.

6. On or about July 10th, 2020, and subsequent thereto, the named Defendant TERRELLE JACKSON, published, through his public Facebook® page, additional scurrilous, defamatory and false statements regarding the Plaintiff ROSE BANKS, and the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

7. These statements, as enumerated below, contain false and damaging statements that are tortiously actionable as both libel *per se* and slander *per se* under the laws of the State of Colorado.

8. The Plaintiffs have been harmed in reputation, held up to public ridicule, and been otherwise damaged by the tortious conduct of the named Defendants.

## PARTIES

9. Plaintiff ROSE BANKS, is a citizen and resident of the City of Colorado Springs, County of El Paso, State of Colorado, and has been such since in or around June 1982.

10. Plaintiff ROSE BANKS is the Pastor and religious leader and guiding light of the named Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, and has held that position since in or around June 1982.

11. Plaintiff LAMONT BANKS is a citizen and resident of the City of Colorado Springs, County of El Paso, State of Colorado, and has been such since in or around June 1982.

3 | P a g e

12. Plaintiff LAMONT BANKS is the Executive Director of the non-profit criminal justice reform organization called A Just Cause, organized and operating under the laws of the State of Colorado, with its headquarters and main office located in the City of Colorado Springs, County of El Paso, State of Colorado.

13. Plaintiff DAVID BANKS is a citizen and resident of the City of Colorado Springs, County of El Paso, State of Colorado, and has been such since in or around June 1982.

14. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH is a Pentecostal Christian church, with its offices located at 451 Windchime Place, Colorado Springs, CO 80919.

15. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH has been an active Christian church in the Colorado Springs area since June 1982, and is organized under the laws of the State of Colorado.  Colorado Secretary of State ID Number: 19871479330.

16. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH is a Section 501(c)(3) entity, and engages in no political or partisan behavior or activities.

17. Defendant TERRELLE JACKSON, upon information and belief, is a citizen and resident of the City of Plano, County of Collin, State of Texas, and has been such since 2019.

18. Defendant DUSTIN JACKSON, upon information and belief, is a citizen and resident of the City of Colorado Springs, County of El Paso, State of Colorado, and has been such since 1981.

**JURISDICTION & VENUE**

19. Each and all acts of Defendants TERRELLE JACKSON, and DUSTIN JACKSON were performed individually and collectively, and by their own design and intent.

4 | P a g e

20. The incidents which give rise to this cause of action occurred within this jurisdiction, the District of Colorado, and within one year of the action itself or within one year of the named Plaintiffs having discovered the publication of the alleged defamatory statements.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), (c)(2) as amended by Section 311 of the Judicial Improvement Act of 1990, by reason of it being the location where all, or substantially all, of the events or omissions giving rise to the claims occurred, and where one or more, upon information and belief, of the Defendants resides.

22. Jurisdiction is proper pursuant to federal diversity jurisdiction and the amount of damages is in excess of the jurisdictional amount laid out therein, *viz*., 28 U.S.C. § 1332.  Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

## SPECIFIC ALLEGATIONS OF TORTIOUS CONDUCT

23. Plaintiffs repeat and re-iterates ¶¶ 1 through 22 as if set forth herein.

24. On 18 November 2018, Defendants posted on a public social network, Facebook® (*https://www.facebook.com/jackstl9940*) the following statements, with direct reference to the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH and Plaintiff ROSE BANKS,

> This is who the church has leading this movement and preaching in her pulpit.... when will she realize that <u>her sons are CORRUPT</u>... <u>2 of them ran women in the church Lamont Banks being one of them, not to mention he is almost a sex offender</u>... and one was her assistant Pastor and then <u>David Banks had a WHOLE new family that they found out about and tried to cover up</u>... WHILE STILL MARRIED... all her sons are foul. . . this is stuff they KNEW about and covered up. . . here is a Video of the . . . of Lamont Banks. . . look who he follows. . . now with Instagram if you follow people, that is what will be on your feed. . . can you imagine how vile his feed is.

Emphasis added.

5 | P a g e

25. Defendants further posted in an email allegations that Plaintiff ROSE BANKS had engaged in fraud and had received funds of "5 million dollars".

26. Defendant TERRELLE JACKSON knowingly and intentionally, with malice, did publish a picture of Plaintiff ROSE BANKS, and next to it a photograph of the notorious Jim Jones, thereby seeking to draw a clear analogy between the Plaintiff ROSE BANKS and Jones, a man responsible for the murder/suicide of 918 individuals including 304 children. (*https://www.facebook.com/photo.php?fbid=10223241173158876&set=pb.1270407532.-2207520000..&type=3*)

27. These postings from November 2018 were not discovered until March 2020.  Thus, they are effectively tolled as the statute of limitations runs from within a year of the "date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *Burke v. Greene,* 963 P.2d 1119, 1121 (Colo. App. 1998).

28. Defendants further made allegations of "abuse" in the Church.

29. On or about July 10th, 2020, and thereafter, the named Defendant TERRELLE JACKSON, did publish the following claims on his public Facebook® page:

> "This is the ringleader herself, the wicked witch of the West Rose M Banks , She Pastors Colorado Springs Fellowship Church in Colorado, unfortunately it's the church I grew up in."  [In which several photographs of Plaintiff ROSE BANKS were included.  Emphasis added.]
> "I'm going live later tonight... The lies from Colorado Springs Fellowship Church stop Now, i haven't been to this cult since I was 16 or 17, HOW IN THE WORLD am I 29 and dealing with the harassment egged on by Rose Banks... they have been calling my phone non stop for the last hour or so. So let's go ahead and pull this cover!!!" [Emphasis added.]
> Referring to members of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, as being "brainwashed"
> Re-publishing comments of others referring to attendees at the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH as being "brainwashed" followed by Plaintiff TERRELLE JACKSON's comment: "all of that is true"

Referring to members of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH as a "crazy bunch of people"

30. On or about July 10th, 2020 Defendant TERRELLE JACKSON posted a two hour and seven minute video on his public Facebook® page (*https://www.facebook.com/ jackstl9940/videos/10223241936977971*) in which he made numerous slanderous and libelous statements in which he directly named the Plaintiff ROSE BANKS and Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, including:

> Accusing the named Plaintiffs of requiring parishioners to secure her "permission" before members of the Church could make a purchase
> Referring to members of the Church as "being under bondage"
> Accusing the Plaintiff ROSE BANKS of "spreading lies"
> Alleging that Plaintiff ROSE BANKS told the Defendant TERRELLE JACKSON's parents to "put him out" on the street at age 16
> Specifically calling the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH a "cult"
> Allegedly a requirement made by Plaintiff ROSE BANKS to make a personal "pledge" of moneys to be paid directly to the Church under threat of being removed from the Church

31. Defendant DUSTIN JACKSON knowingly and intentionally participated in the aforesaid video broadcast (@ 30:15 into the aforesaid video), re-iterating the above statements of Defendant TERRELLE JACKSON.

32. On or about July 10th, 2020, Defendant DUSTIN JACKSON, on a public page on Facebook® falsely accused Plaintiff ROSE BANKS of:

> "We had to sign a sheet with our signature in the later years and if you didn't have it you were brought in front of the church and reprimanded"
> "What about the tv fund and we weren't even on tv hahaha"
> "Deal with the fact that they God let them out of jail but they're still in Huss [*sic*] arrests let's tell the truth hahahahaha"
> "I forgot about that gold Oldsmobile"

33. Upon information and belief Defendants have posted similar slanderous and libelous accusations on Facebook®. Furthermore, upon information and belief, you have publicly posted such assertions in multiple venues.

34. The allegations of misconduct, sex offenses, fraud, and abuse are false, and have no support in any recognized record or proceeding. None of the named individuals has even been found responsible, in either a civil or criminal proceeding, for any of the accusations made in these postings.

**AS AND FOR A FIRST CAUSE OF ACTION**
As Against Defendants — Defamation and Libel *Per Se*

35. Plaintiffs repeat and re-iterate ¶¶ 1 through 34, as if set forth herein.

36. The inferences that one may draw from these statements as set forth above in ¶¶ 24 through 32 are utterly false, and demonstrate a knowing, intentional and willful intent to harm the character and professional reputation of the named Plaintiffs.

37. These statements have caused the named Plaintiffs serious and irreparable injury to their professional and personal reputations, for which the law clearly provides redress, in both law and equity.

38. Under Colorado law, a defamed party may recover damages if the following elements are present:

> *First*, the statement concerns a party other than the publisher;
> *Second*, the statement has been published to a third party;
> *Third*, the statement was made with fault amounting to at least negligence on the part of the publisher;
> *Fourth*, the defamed party must prove that the statement was false, meaning substantially untrue; and
> *Fifth*, either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication.

Lawson v. Stow, 327 P.3d 340, 345 (Colo. Appeals 2014).

See also *McGettigan v. DiMare*, 173 F. Supp.3d 1114, 1125-26 (D. Colo. 2016).

39. Furthermore, an "action for defamation serves to protect one's interest in character and reputation." *Thompson v. Maryland Casualty Co.*, 84 P.3d 496, 506 (Colo. S. Ct. 2004) (*en banc*).

40. All of these elements are irrefutably present here.  The statements published on-line by the named Defendants were published to a third party, they were made with greater than negligence as to their falsity, the statements including, but not limited to, claims of a "cult", that Plaintiff LAMONT BANKS "ran women" and "is almost a sex offender", that Plaintiff DAVID BANKS had a hidden family, that Plaintiff ROSE BANKS had received funds of "5 million dollars", that members of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH were "brain washed", among other statements as set forth above, and that the named Plaintiffs have suffered special damages in the form of attorney fees and court costs (see *Skyland Metropolitan Dist. v. Mountain West Enterprise*, 184 P.3d 106, 131 (Colo. App. 2007), and general damages.

41. Colorado law makes clear that it is the plain meaning and inferences drawn from them that constitute actionable conduct.  See *Anderson v. Cramlet*, 789 F.2d 840, 844 (10th Cir. 1986 (applying Colorado law).  Hence, the words contained in the public postings of the named Defendants unmistakably libel both Plaintiff ROSE BANKS and Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, and clearly wrongfully and libelously impute fraud and misrepresentation on their respective parts.  See generally *Fry v. Lee*, 408 P.3d 843, 849-50 (Colo. Ct. App. 2013).

42. The published statements by the named Defendants accused the named Plaintiffs of unlawful and criminal activity, including sex offenses, fraud, and other crimes.  Such false accusations are libelous *per se*.  *Denver Publishing Co. v. Bueno*, 54 P.3d 893, 895 (Colo. S. Ct. 2002) (*en banc*).

43. With regard to Plaintiff LAMONT BANKS, the allegations of sexual misconduct are libelous per se.  A false and malicious allegation of being a "sex offender", is so harmful as to be actionable with even no evidence of special damages.  See *Zuegler v. Goss*, 343 P.3d 1028, 1033-34 (Colo. Ct. App. 2014); *Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. Ct. App. 2004).

44. As a result of Defendants' conduct, the Plaintiffs, jointly and severally, are entitled to special, compensatory and punitive damages, as well as injunctive and declaratory relief.

45. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have juris-diction over this matter.

## AS AND FOR A SECOND CAUSE OF ACTION
Infliction of Emotional Distress

46. Plaintiffs repeat and re-iterate ¶¶ 1 through 45, as if set forth herein.

47. These aforesaid false and defamatory statements have caused the Plaintiffs ROSE BANKS, LAMONT BANKS, and DAVID BANKS (as well as their respective family members) severe embarrassment, humiliation and emotional injury.

48. In addition, thereto, the defamed party or parties make seek redress, in monetary damages, for any emotional and/or psychological distress or trauma caused by the publication of these false statements.  *Keohane v. Stewart*, 882 P.2d 1293, 1305 (S. Ct. Colo. 1994).  In accord see *Zueger v. Goss*, 343 P.3d 1028, 1037 (Colo. Ct. App. 2014).

49. Upon information and belief, the Defendants, ass set forth above, have made, and continues to make or cause to be made, these and similarly false and defamatory statements about the Plaintiffs to third parties.

50. As a result of said false and defamatory statements, and the publication of same, the Plaintiffs ROSE BANKS, LAMONT BANKS, and DAVID BANKS continue to suffer from

severe humiliation, loss of standing in the community, loss of self-esteem, public disgrace, loss of standing and respect within his own family, and severe and extreme emotional distress.

51. The predicate defamatory acts committed against the Plaintiffs by Defendants were intentional, willful, wanton, malicious and oppressive and were motivated solely by a desire to permanently harm the name, reputation, and financial and business interests of the Plaintiffs without regard for the truth or the Plaintiffs' well-being and were based on a lack of concern and ill-will toward the Plaintiffs and/or a malicious, deliberate, and/or reckless disregard for their rights, for which the Plaintiffs are entitled to an award of general, special and punitive damages.

52. At all material times, Defendants, jointly and severally, did defame and libel the Plaintiffs ROSE BANKS, LAMONT BANKS, and DAVID BANKS by — as stated above — making false statements which tended to expose Plaintiffs to public contempt, ridicule, aversion or disgrace, and induced an evil opinion of him in the minds of right-thinking persons, and deprived the named Plaintiffs (and continue to so deprive them) of their friendly intercourse in society.

53. The Plaintiffs ROSE BANKS, LAMONT BANKS, and DAVID BANKS have suffered harm as a result of the defamatory statements including, but not limited to, reputational harm, emotional distress and mental anguish, and the statements were defamatory and libelous *per se*.

54. As a result of Defendant's conduct, the Plaintiff is entitled to general, compensatory, special and punitive damages, as well as injunctive and declaratory relief.

55. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR A THIRD CAUSE OF ACTION
Extreme and Outrageous Conduct

56. Plaintiffs repeat and re-iterate ¶¶ 1 through 55, as if set forth herein.

57. One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.  *Rugg v. McCarty,* 173 Colo. 170, 177, 476 P.2d 753, 756 (1970)

58. The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"  *Rugg, supra,* 173 Colo, at 177, 476 P.2d at 756

59. The predicate defamatory acts committed against the Plaintiffs by Defendants were intentional, willful, wanton, malicious and oppressive and were motivated solely by a desire to permanently harm the name, reputation, and financial and business interests of the Plaintiffs without regard for the truth or the Plaintiffs' well-being and were based on a lack of concern and ill-will toward the Plaintiffs and/or a malicious, deliberate, and/or reckless disregard for their rights, for which the Plaintiffs are entitled to an award of general, special and punitive damages.

60. At all material times, Defendants, jointly and severally, did defame and libel the Plaintiffs ROSE BANKS, LAMONT BANKS, and DAVID BANKS by — as stated above — making false statements which tended to expose Plaintiffs to public contempt, ridicule, aversion or disgrace, and induced an evil opinion of him in the minds of right-thinking persons, and deprived the named Plaintiffs (and continue to so deprive them) of their friendly intercourse in society.

61. The allegation so of sexual misconduct, fraud, running a "cult", and other statements as set forth above, are so outrageous as to offend the sensibilities of any civilized member of society.

*Law Office of Bernard V. Kleinman, PLLC*
108 Village Sq., Ste. 313
Somers, NY 10589-2305

11 | P a g e

62. Among the more outrageous defamatory acts was the publishing, on Defendant TERRELLE JACKSON's Facebook® page, of a photograph placing the Plaintiff ROSE BANKS next to the notorious cult leader Jim Jones. See ¶ 26. This behavior was repeated on July 13, 2020 when Defendant ATERRELLE JACKSON, posted another picture of Plaintiff ROAE BANKS alongside Jim Jones with the following caption:

> This is the ringleader herself, the wicked witch of the West Rose M Banks , She Pastors Colorado Springs Fellowship Church in Colorado, unfortunately it's the church I grew up in....

*https://www.facebook.com/jackstl9940*

63. As a result of Defendant's conduct, the Plaintiffs are entitled to general, compensatory, special and punitive damages, as well as injunctive and declaratory relief.

64. That as a result of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiffs, ROSE BANKS, LAMONT BANKS, DAVID BANKS, and COLORADO SPRINGS FELLOWSHIP CHURCH, by and through their attorney of record, respectfully request judgment as follows,

    a. In favor of Plaintiffs and against Defendants;

    b. On the First Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter;

    c. On the Second Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter;

    d. On the Third Cause of Action, damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter;

e. An Order from this Court permanently enjoining the Defendants from posting anything on any social media platform, private or public, making any statement or reference to the named Plaintiffs herein;

f. The issuance of a retraction of all libelous and false claims;

g. Interest, costs and disbursements of this action;

h. Special damages in an amount to be determined at trial;

i. General damages, in an amount to be determined at trial;

j. Punitive damages, in an amount to be determined at trial;

k. Both Pre-judgement and Post-Judgment Interest at the statutory rate;

l. For all legal fees and costs and disbursements of this Action; and

m. For such other further relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues. F.R.Civ.P. Rule 38.

Plaintiffs By Their Attorney:
LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

By /s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
108 Village Square
Suite 313
Somers, NY 10589-2305
Tel. 914.644.6660
Fax 914.694.1647
*attrnylwyr@yahoo.com*

Dated: July 16, 2020