**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 1:20-cv-02074-DDD-KMT

ROSE BANKS, LAMONT BANKS, DAVID BANKS, and COLORADO SPRINGS FELLOWSHIP CHURCH,

    Plaintiffs,

v.

TERRELLE JACKSON,

    Defendant.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Rose Banks, who is the pastor of Plaintiff Colorado Springs Fellowship Church, and her two sons, Plaintiffs Lamont and David Banks, allege that one of the former parishioners of their church, Defendant Terrelle Jackson, has been defaming them on the internet. Plaintiffs thus filed this suit for defamation, intentional infliction of emotional distress, and outrageous conduct. *See* First Am. Compl., Doc. 10. Currently before the court is Plaintiffs' motion for a preliminary injunction under Federal Rule of Civil Procedure 65. Doc. 20. Plaintiffs ask the court to enjoin Mr. Jackson "from posting or disseminating any further statements, comments or otherwise publishing any remarks or observations regarding the named Plaintiffs herein." *Id.* at 1.

Under the Plaintiffs' requested injunction, the court would prohibit Mr. Jackson from speaking, writing, or publishing regarding the Plaintiffs. This kind of prohibition is known in legalese as a "prior restraint,"

which "is just a fancy term for censorship." *McCarthy v. Fuller*, 810 F.3d 456, 461 (7th Cir. 2015). The prior restraint has been roundly rejected. *See Kinney v. Barnes,* 443 S.W.3d 87, 90 (Tex. 2014) ("The U.S. Supreme Court has long recognized that 'prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.'" (quoting *Neb. Press Ass'n v. Stuart,* 427 U.S. 539, 559 (1976)). The court will not enter the requested injunction.

First, a prior restraint of alleged defamation violates the traditional rule "that equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damage." *Wagner Equip. Co. v. Wood*, 893 F. Supp. 2d 1157, 1160 (D.N.M. 2012) (quoting *Cmty. for Creative Non–Violence v. Pierce,* 814 F.2d 663, 672 (D.C. Cir. 1987)). This principle holds special weight at this stage of the case, as no preliminary injunction can issue when a movant has an adequate remedy at law— *i.e.* money damages. *N. California Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984).

Second, prior restraints of expression generally violate the First Amendment. *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390 (1973) ("The special vice of a prior restraint is that communication will be suppressed, either directly or by inducing excessive caution in the speaker, before an adequate determination that it is unprotected by the First Amendment."). To be sure, while a prior restraint of defamation is presumptively unconstitutional, it isn't quite unconstitutional *per se. See CBS, Inc. v. Davis*, 510 U.S. 1315, 1317 (Blackmun, Circuit Justice, 7th Cir., 1984) ("Although the prohibition against prior restraints is by no means absolute, the gagging of publication has been considered acceptable only in 'exceptional cases.'"); *McCarthy*, 810 F.3d at 462 (noting that the problem with the position that defamation can never be enjoined "is that it would make an impecunious defamer undeterrable.").

But a *preliminary* prior restraint, which is at issue here, is, in fact, something the court cannot do. Under modern case law, an injunction of defamation is permissible only if it is (1) "narrowly tailored," (2) "based upon a continuing course of repetitive speech," and (3) "granted only after a final adjudication on the merits that the speech is unprotected." *Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993); *see also Pittsburgh Press*, 413 U.S. at 390 (upholding prior restraint injunction where "no interim relief was granted," meaning the court's order "will not have gone into effect before our final determination that the actions of [the defendant] were unprotected.").

That last requirement—that a prior-restraint injunction is only permissible "after final adjudication on the merits"—is ultimately what sinks Plaintiffs' motion in this case. Plaintiffs ask the court to enjoin Mr. Jackson from speaking about them (which is certainly not a narrowly-tailored request) *before* a jury has determined that Mr. Jackson's comments were in fact false and defamatory. *McCarthy*, 810 F.3d at 462 ("An injunction against defamatory statements, if permissible at all, must not through careless drafting forbid statements *not yet determined to be defamatory*, for by doing so it could restrict lawful expression." (emphasis added)). Accordingly, the court **DENIES** Plaintiffs' motion for preliminary injunction.

Dated: October 2, 2020.          BY THE COURT:

_____
Daniel D. Domenico
United States District Judge