UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

===================================  :
ROSE BANKS, LAMONT BANKS,            :
COLORADO SPRINGS                     :
FELLOWSHIP CHURCH,                   :        Docket No. 20-cv-2074
     Plaintiffs,                   :
                                     :
                                     :        Memorandum of Law in
— *versus* —                         :        Support of Motion for
                                     :        Preliminary Injunction
                                     :        Order
TERRELLE JACKSON,                    :        [R. 65(a), FRCivP]
     Defendant.                    :        [R. 60(b), FRCivP]
===================================  :

**Movant Plaintiffs' Memorandum of Law in Support of
Motion for Preliminary Injunction**

Background

    A Complaint, as Amended, was filed herein on July 21, 2020.  Dkt. Entry No. 10.

    On or about July 22, 2020, the named Defendant herein, Terrelle Jackson ("Jackson"), was duly served with the Complaint.  See Dkt. Entry No. 14.

    On August 13, 2020 this Court granted the Defendant Jackson an extension of time to Answer or otherwise respond until September 24, 2020.  See Dkt. Entry No. 16.

    The gravamen of this Complaint is the continued libelous and slanderous publication, accompanied by perceived threats of violence against Plaintiff Rose Banks.

    As laid out in the Verified Complaint, Jackson, primarily through the use of various social media outlets (*e.g.*, Youtube®, Facebook®, Instagram®), has engaged in a continuous and unceasing libelous attack upon the named Plaintiffs.

<u>Relevant Facts</u>

The Plaintiffs previously moved for the relief requested herein on September 20, 2020. Dkt. Entry No. 20.

Following the Response of the Defendant Jackson on September 22, 2020 (Dkt. Entry No. 31), the Court denied the motion on October 2nd, 2020.  Dkt. Entry No. 34. *Banks v. Jackson*, 2020 WL 6870739 (D. Colo. Oct. 2, 2020).  See <u>Exhibit 1</u>.

The Court, recognizing that prior restraints violate the First Amendment, ruled that prior restraint is an extraordinary remedy that will only be sustained if the moving party can establish the following,

> an injunction of defamation is permissible only if it is (1) "narrowly tailored,"
> (2) "based upon a continuing course of repetitive speech," and (3) "granted
> only after a final adjudication on the merits that the speech is unprotected."

*Id.* at *2.  Citations omitted..

The within Motion is based upon Rule 60(b) of the Federal Rules of Civil Procedure, being "new evidence" not previously available at the time the original motion for a preliminary injunction was filed.  This "new evidence" only arose on January 15, 2021, and, thus, could not have been addressed in the prior Rule 65 Motion.  It is thus, ripe, for adjudication in this Motion.  See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  *Cf., White v. Santomaso*, 2012 WL 5494647 at *1 n. 2 (D. Colo. Nov. 13, 2012) ("Plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence not previously available exists, <u>nor has the Court independently identified any such new</u> development in the law or <u>facts</u>."  Emphasis added.); *Seabron v. American Family Mutual Ins. Co.*, 2012 WL 3028224 at *1 n. 3 (D. Colo. Jul. 24, 2012) (same).

Since the time of the original motion the Defendant has continued to post, on social media, numerous diatribes and scurrilous comments about the Plaintiffs.  This Motion is not about these specific comments, *per se*.

This Motion concerns a recent posting by the Defendant that can reasonably be described as promoting violence and more than merely suggesting that the target of the violence be the Plaintiff Rose Banks.

The Courts have recognized that certain exceptions do exist to the broad limitation on prior restraint.  In *Stokes v. City of Madison*, 930 F.2d 1163 (7th Cir. 1991), the Seventh Circuit Court of Appeals acknowledged these exceptions when it enumerated the appropriate circumstances, *viz.*,

> First, a powerful overriding interest justifies a narrowly drawn prior restraint. Such interests include national security matters, obscenity, <u>incitements to violence</u> and overthrow of orderly government.

*Id*. at 1169.  Emphasis added.

The *Stokes* Court cited to *Near v. State of Minnesota ex rel. Olson*, 283 U.S. 697 (1931), where the High Court stated that

> The objection has also been made that the principle as to immunity from previous restraint is stated too broadly, if every such restraint is deemed to be prohibited. That is undoubtedly true; the protection even as to previous restraint is not absolutely unlimited. But the limitation has been recognized only in exceptional cases. 'When a nation is at war many things that might be said in time of peace are such a hindrance to its effort that their utterance will not be endured so long as men fight and that no Court could regard them as protected by any constitutional right.' *Schenck v. United States*, 249 U.S. 47, 52 [(1919)].  No one would question but that a government might prevent actual obstruction to its recruiting service or the publication of the sailing dates of transports or the number and location of troops. On similar grounds, the primary requirements of decency may be enforced against obscene publications. <u>The security of the community life may be protected against incitements to acts of violence</u> and the overthrow by force of orderly government.

*Id*. at 715-16.  Footnote omitted.  Emphasis added.

This was re-iterated by the Supreme Court more than sixty years later, when, in *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377 (1992), Justice Scalia wrote that

> threats of violence are outside the First Amendment (protecting individuals from the fear of violence, from the disruption that fear engenders, and from the possibility that the threatened violence will occur) . . .

*Id.* at 388.

And, this very limited exception — to prevent violent acts — has been repeatedly recognized by the Courts.  *See, e.g., Green Valley Investments v. Winnebago County, Wisc.*, 794 F.3d 864, 868 (7th Cir. 2015); *Northeast Women's Center, Inc. v. McMonagle*, 939 F.2d 57 (3d Cir. 1991) ("The cases upon which McMonagle bases his free-speech objections to the instant injunction define the contours of the right to free speech for the population at large; by contrast, McMonagle and his codefendants fall into the special category of persons who have been found to have engaged in illegal, violent, and intimidating conduct. In such cases, injunctions similar to the one imposed in this case by the district court have regularly been upheld." *Id.* at 62-63.); *Carlson v. Schlesinger*, 511 F.2d 1327, 1338 n. 9, 1344-45 (D.C. Cir. 1975); *Animal Legal Defense Fund v. Kelly*, 434 F. Supp.3d 974, 998 (D.N.M. 2020).

*Cf., Burch v. Barker*, 861 F.2d 1149, 1151 (9th Cir. 1988) (prior restraint not available where "the distribution [of a student newspaper] caused no violence or physical damage").

See also *Brandenburg v. Ohio*, 395 U.S. 444 (1969) (*per curiam*), where the Supreme Court held that a "clear and present danger" basis for restricting speech is presented when expression is directed to "inciting or producing imminent lawless action and is likely to incite or produce such action."  *Id.* at 447.  In accord see *Krause v. Rhodes*, 570 F.2d 563, 571 (6th Cir. 1977), *cert. denied* 435 U.S. 924 (1978).

See generally *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, *reh'g denied* 459 U.S. 898 (1982) ("violent conduct is beyond the pale of constitutional protection", *id.* at 933.); *Cross v. Mokwa*, 547 F.3d 890 (8th Cir. 2008) ("It is undisputed that protesting peaceably is protected speech.  Violent protest is not."  *Id.* at 896.  Emphasis added.); *Thunderhawk v. County of Morton*, — F. Supp.3d —, 2020 WL 5884713 at *24-*25 (D.N.D. Sept. 1, 2020), *appeal pnd'g.*

The case law thus makes it abundantly clear that when a party advocates violent conduct, whether explicitly stated, or telegraphed through coded language, prior restraint may be available to prevent any harm to the public or the individual to whom the language was directed.  See *Beamon v. Pollard*, 2017 WL 401218 at *7-*8 (E.D. Wisc. Jan. 20, 2017) (court upholds prison restrictions on distribution of certain literature where it included coded language advocating violence).

In accord see *United States v. Walker*, 2019 WL 4412909 at *9-*10 (E.D.N.C. Sept. 13, 2019).

In the case at Bar Mr. Jackson, on January 15th, 2021, posted the following on Facebook®,[1]

> You'll find that a lot of folk have such hatred in their heart towards Rose Banks and want to see her dead. . . if that's your goal stay FAR AWAY from me. I want to see her REPENT! . . . we are not the same!

*https://m.facebook.com/story.php?story_fbid=10224892994653381&id=1270407532*

Emphasis added.  See Exhibit 2.

---

[1] Counsel herein has written to Facebook® and requested that it remove Mr. Jackson from further use of that social media platform for his violation of their Terms of Service.  No response has been received from Facebook® as yet.

It needs to be noted that Plaintiff Rose Banks has never, to her knowledge, ever been threatened with any violence, let alone being threatened with death.  See Banks' Declaration annexed hereto.  She has never received any sort of death threat, nor has anyone ever emailed, telephoned, texted, or otherwise communicated with her in a threatening or violent manner.

Jackson, though claiming that "a lot of folk[s] . . . want to see her dead", provides no proof, links, or other evidence to support his claim.[2]

The only conclusion that can be reached is that the Defendant is making clear, by obfuscation, but still evident to anyone who reads his posting, that he is making, minimally, a veiled threat of violence against Ms. Banks.  And, that if anyone takes him up on his suggestion, he can fall back and say he was not responsible.  Unfortunately, such behavior should not, and cannot, be countenanced.

Preliminary Injunctive Relief is Appropriate Under These Circumstances

When a plaintiff seeks injunctive relief, he or she must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that he or she has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the remedy in equity is warranted considering the balance of hardships between the plaintiff and defendant; and (4) that a permanent injunction would not be contrary to the public interest.  *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

---

[2] On his Facebook® posting there is a link to another page (https://m.facebook.com/hashtag/isaidwhatisaid?refid=52&__tn__=%2As-R), but that page contains no reference to either Plaintiff Banks, or anything else of relevance.

In accord see *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 689 (10th Cir. 2016).

A party seeking a preliminary injunction or a temporary restraining order similarly must show (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm is likely unless the injunction is issued; (3) that the threatened injury to the moving party outweighs the harm that the relief may cause to the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *General Motors Corp. v. Urban Guerilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007); *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002); *Tri-State Generation v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986). Motions for a preliminary injunction which seek an alteration of the *status quo* are generally disfavored, and a "strong showing" is required with regard to likelihood of success on the merits and balancing of the equities. *O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004), *aff'd* 546 U.S. 418 (2006).

As the Supreme Court has recognized, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A Motion seeking an order of prior restraint raises the specter of a potential First Amendment violation. "[I]n First Amendment cases, the likelihood of success on the merits will often be the determinative factor." *Hobby Lobby Stores v. Sebelius*, 723 F.3d 1114, 1145 (10th Cir. 2013), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.,* 573 U.S. 682 (2014) (internal quotations omitted). Indeed, the Plaintiff-Movants recognize the high bar that the Supreme Court has imposed when such motions for preliminary relief are

sought.  See generally *Elrod v. Burns*, 476 U.S. 347, 373 (1976).  Any judicial injunction that prohibits speech prior to a determination that the speech is unprotected, such as it being threatening and/or advocating violent conduct, as in the case at Bar, constitutes a prior restraint.   "Any prior restraint on expression comes to this Court with a heavy presumption against its constitutional validity."  *Organization for a Better Austin v. Keefe,* 402 U.S. 415, 419 (1971).  Never-theless, as laid out *supra*, the Court has adopted a recognition that circumstances do exist where prior restraint is permissible, indeed, beneficial to the proper functioning of society.  See *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations,* 413 U.S. 376, 390 (1973).

Procedurally, Rule 65(a) of the Federal Rules of Civil Procedure grants the District Court the power to so issue the equity relief sought herein.

This is not a case where the Plaintiff Rose Banks is seeking injunctive relief on old or long past offensive behavior.  *Cf.*, *Bose Corp. v. Consumers Union of U.S., Inc.*, 529 F. Supp. 357, 361-62 (D. Mass. 1981), *rev'd on other grnds* 692 F.2d 189 (1st Cir. 1982), *aff'd* 466 U.S. 485 (1985) (ten-year old statements not subject to injunctive relief).  In the case at Bar, as demonstrated above, Jackson posted the offensive language barely a week ago.

While the courts often times deal with the matter of enjoining offensive behavior in a post-judgment context, similarly, where a movant has established, to the court's satisfaction that it has satisfied all four of the requirements for a preliminary injunction, the court will grant such relief.  For example, in *Rodriguez v. National Freight, Inc.*, 5 F. Supp.3d 725 (M.D. Pa. 2014), the District Court, after reviewing the four requirements as

set forth by the courts for the issuance of a Rule 65(a) order (*id.* at 728-31), granted the relief requested.  *Id.* at 731.

In accord, see *Martin v. Reynolds Metals Co.*, 224 F. Supp. 978, 983-85 (D. Ore. 1963), *appeal dism'd* 336 F.2d 876 (9th Cir. 1964).

It should also be noted that the speech to be restrained here is of a "private" nature. It does not involve public issues or matters of intertest to the general public.  As such, it does not have the same level of "prior restraint" protection that is generally accorded speech of public nature.  As the Supreme Court noted in *Connick v. Myers*, 461 U.S. 138 (1983),

> The First Amendment 'was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people.' . . . '[S]peech concerning public affairs is more than self-expression; it is the essence of self-government.' . . .   Accordingly, the Court has frequently reaffirmed that speech on public issues occupies the ' "highest rung of the hierarchy of First Amendment values," ' and is entitled to special protection. . . .
> In contrast, <u>speech on matters of purely private concern is of less First Amendment concern</u>.

*Id.* at 145, 146.  Citations omitted.  Emphasis added.

In accord see *Snyder v. Phelps*, 562 U.S. 443, 451-52 (2011); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 760 (1985);

<u>The Movants Have Satisfied All Four of the Requirements for the Issuance of a Preliminary Injunction</u>

As cited above, for the issuance of a preliminary injunction under Rule 65(a), the Movant must establish the following:

(1) a substantial likelihood of prevailing on the merits;

(2) irreparable harm is likely unless the injunction is issued;

(3) that the threatened injury to the moving party outweighs the harm that the relief may cause to the opposing party; and

(4) that the injunction, if issued, would not be adverse to the public interest.

*(1) The Movants can establish that there is a substantial likelihood of success on their claims for libel and slander.* While this is not the operative basis for the within Motion, as set forth previously, the claims made by the Defendant are libelous *per se.*

The accusations by the Defendant as to Plaintiff Rose Banks (accusing her of "embezzlement and Extortion") are defamatory *per se* as they slanderously accuse her of criminal conduct. *Anderson v. Colorado News Media Co.*, 2019 WL 6888275 (D. Colo. Dec. 18, 2019); *Tonnessen v. Denver Publishing Co.*, 5 P.3d 959, 963 (Colo. App. 2000).

These allegations only buttress the nature of the threatening language that serves as the gravamen for this motion, and can used by any party acting on the Defendant's suggested actions, to do so, and be in the right in doing so.

As to the *per se* allegations against Plaintiff Rose Banks, discussed in the prior Motion, she has never engaged in any criminal or unlawful conduct in the handling of or her responsibility for the finances of the Plaintiff Colorado Springs Fellowship Church. And, there is no evidence, whatsoever to support such an assertion.

In *Muhaisen v. Does 1 Through 100*, 2017 WL 4012132 (D. Colo. Sept. 12, 2017), Chief Judge Brimmer was confronted with the same request for relief, *i.e.*, a motion for preliminary equitable relief in a defamation lawsuit. In reviewing the four requirements for the issuance of a Preliminary Injunction, as to the first element, he stated the following, *viz.*,

> After the Court finds that a statement is libelous per se, plaintiffs must prove that (1) the statement was published; (2) the statement caused actual

damages; (3) the statement was false; and (4) the defendant acted with reckless disregard as to falsity. *Denver Publ'g Co. v. Bueno*, 54 P.3d 893, 899 n.8 (Colo. 2002); *see also* Colo. Jury Inst. 22:1.  The Court finds that the YouTube videos have been published.  In addition, plaintiffs have presented numerous pieces of evidence to suggest that the claims made in the videos are false and that defendants do not have a basis for alleging that plaintiffs engaged in improper or criminal conduct.  With respect to damages, Muhaisen is not required to prove actual damages because he is a private person. . . .  Accordingly, the Court finds that plaintiffs have demonstrated a likelihood of success on the merits on their fourth claim for relief.

*Id.* at *2.

This Court, applying the reasoning and logic of Chief Judge Brimmer, should, similarly, find that the Movants herein have satisfied the first element for the granting of a preliminary injunction.

*(2) Irreparable Harm is Likely Unless Preliminary Injunctive Relief is Granted.* This is the key in this Motion.  A threat of violence, or encouraging one to engage in violent conduct, can never be excused, and by its very nature loses the protections that the First Amendment provide.  See *R.A.V. v. City of St. Paul, Minn., supra.*

While Mr. Jackson's published threat contains no specific date or time, or deadline for the actor to proceed, this is not required.  As the Fourth Circuit stated in *Phillips v. Crown Central Petroleum Corp.*, 602 F.2d 616 (4th Cir. 1979), *cert. denied* 444 U.S. 1074 (1980),

A future injury of uncertain date and incalculable magnitude is irreparable harm, and protection from such an injury is a legitimate end of injunctive relief.

*Id.* at 630.

In accord see *Wade v. Housing Management, Inc.*, 2016 WL 4168605 at *3 (D.S.C. Aug. 8, 2016).

To wait until someone acts on the Defendant's words it would "logically follow[] out, . . ., by reductio ad absurdum, mean[ing] that it is proper to lock the stable after the horse

has been stolen, but not before." *Rogers v. First State Bank of Aguilar*, 79 Colo. 84, 89 (Colo. 1926).  This cannot be what the law requires.  As one Court has stated, "allegations of physical threats and ongoing stalking behavior,[3] . . ." are sufficient to satisfy the requirement that the Movant show "irreparable harm".  *Tolson v. Stanton*, 844 F. Supp.2d 53, 58 (D.D.C. 2012).

See also *Virginia v. Black*, 538 U.S. 343 (2003), where the High Court made clear that states may ban "true threats," which it defined to "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Id.* at 359.   In other words, merely expressing the "intent" to commit a violent act may be regulated; it is not necessary that the actor actually have committed a violent act before the state may issue a ban.  *Id.* at 359-60.

*(3) The Threatened Injury to the Plaintiffs Outweighs the Harm that the Relief Impose Upon the Defendant.*  In the case at Bar what the Movants are doing is asking this Court to preliminarily enjoin the Defendant from posting anything additional regarding the named Plaintiffs.  Unlike the named Plaintiffs whose livelihood and reputations are at risk from the Defendant's postings, the Defendant suffers no economic or reputational harm by being precluded from further postings.  In the highly unlikely event that he is successful in defending this lawsuit, he can resume his postings.

Mr. Jackson is a real estate broker living and operating in the Arlington, TX area.  The continued postings of his defamatory and offensive material has nothing to do with the

---

[3] It is certainly arguable that the Defendant's continued use of social media to post comments regarding the Plaintiff would satisfy this requirement of "ongoing stalking behavior".  See *People v. Epps*, 406 P.3d 860, 863 (Colo. 2017) (defendant accused of stalking victim, and violating C.R.S. § 18-3-602, by making repeated postings on Facebook®).

ability of him to continue his livelihood.  (Indeed, one could reasonably argue that were he to stop his postings he might be more successful as a real estate broker than he is now.)

As to the "threatened injury to the plaintiff", this is not some vague economic injury, or even a reputational injury that the Court confronts in this specific Motion.  What this is, is a plain threat to the safety and well-being of the Plaintiff Rose Banks, and one that is reasonably perceived by her as such.  See Banks' Declaration.  A party need not be confronted with a direct threat to do physical harm, such as "I urge anyone who can, to kill my opponent", to satisfy this requirement.  As made clear earlier, coded language can just as easily serve as a threat to one's physical well-being.  See *United States v. Walker, supra; Beamon v. Pollard*, *supra.*

Guidance here is provided by a recent decision of the Supreme Court of Colorado.  In *People in Interest of R.D.*, 464 P.3d 717 (Colo. 2020), the Court was confronted, in the context of First Amendment protected speech, with the issue as to whether a threat posted on-line can be "constitutionally protected speech."  *Id.* at 721.  The Court set forth the following test, *viz.*,

> a true threat is a statement that, considered in context and under the totality of the circumstances, an intended or foreseeable recipient would reasonably perceive as a serious expression of intent to commit an act of unlawful violence. In determining whether a statement is a true threat, a reviewing court must examine the words used, but it must also consider the context in which the statement was made. Particularly where the alleged threat is communicated online, the contextual factors courts should consider include, but are not limited to (1) the statement's role in a broader exchange, if any, including surrounding events; (2) the medium or platform through which the statement was communicated, including any distinctive conventions or architectural features; (3) the manner in which the statement was conveyed (e.g., anonymously or not, privately or publicly); (4) the relationship between the speaker and recipient(s); and (5) the subjective reaction of the statement's intended or foreseeable recipient(s).

*Id.* at 721-22.  Footnote omitted.  Emphasis added.

In other words, a dispositive factor is how the intended victim perceives and views the posted threat.  Here Pastor Banks has made clear that the language used by the Defendant, coupled with his unrelenting postings on-line, compelled her to take the threat seriously, and that some party may well be telegraphed to do her harm.  See *People v. Baer,* 973 P.2d 1225 (Colo. 1999), where the Colorado Supreme Court endorsed a reasonable speaker test, parenthetically describing a true threat as "one which a reasonable person would foresee would be interpreted by the recipient as a serious threat to inflict death or bodily injury." *Id.* at 1231.  Emphasis added.  See also *Interest of R.D,* supra, 464 P.3d at 731.

*(4) The Injunction Would Not be Adverse to the Public Interest.*  The issues here are of a private nature.  As such, since there is no public interest involved here, no adverse interest to the public can be demonstrated by the Defendant if the court grants the relief requested.  See *Muhaisen, supra*, at *3.

Conclusion

For the foregoing reason this Court should grant the relief requested herein.[4]

---

[4] As per D.C. Colo. L.R. 7.1(a), on January 28, 2021, Counsel herein emailed the Defendant Terrelle Jackson, at his email address of *terrelle.l.jackson@gmail.com* (as Mr. Jackson has not appeared by Counsel as yet), notice of intent to file the within motion, regarding his willingness to cease and desist from such further postings and to withdraw all similar postings made to date. His response, on that same date was as follows: "You're kidding me right? THREATS.... wow these people are GARBAGE!!!! I've never made any threats to those people lmbo."  Emphasis added.

The Defendant also posted, within several hours of being notified of the intent to file the within motion, on Facebook® a statement further denying any "threats", and stated, "PASTOR ROSE BANKS AND COLORADO SPRINGS FELLOWSHIP CHURCH AND THSIR [*sic*] LAWYER ARE NOTHING BUT CROOKS!!!!".  See Exhibit 3.  Use of such *ad hominem* statements do nothing to accelerate this judicial process, and may well interfere with the ultimate fair resolution of this case. As such, it is respectfully requested that the Court consider an Order restricting the Defendant from posting any further comments, on social media or otherwise, related to this litigation.  See *Mai v. Nine Line Apparel, Inc.*, 2019 WL 5092478 at *5-*6 (S.D. Ga. Oct. 10, 2019).

Respectfully submitted
this 29th day of January 2021.


*s/ Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Law Office of Bernard V. Kleinman, PLLC
108 Village Square, Suite 313
Somers, NY 10589-2305
Tel: 914.644.6660
Fax 914.694.1647
Email: attrnylwyr@yahoo.com
*ATTORNEY FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court of Colorado by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have e-mailed the foregoing Motion and attachments to the person set forth below:

Terrelle Jackson: *terrelle.l.jackson@gmail.com*

And, by mailing Priority Mail (No. 9114902200789334335070), to the address as set forth in the Court's Docket Sheet for the named Defendant:

> Terrelle Jackson
> 2131 North Collins
> # 433 – PMB 174
> Arlington, TX 76011

> *s/ Bernard V. Kleinman*
> Bernard V. Kleinman