IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02074–KMT

ROSE BANKS,
LAMONT BANKS,
COLORADO SPRINGS FELLOWSHIP CHURCH,

      Plaintiffs/Counterclaim-Defendants,

v.

TERRELLE JACKSON,

      Defendant/Counterclaim-Plaintiff.

---

## ORDER

---

      Before the court is Defendant/Counterclaim-Plaintiff's "Motion for Reconsideration of Dismissal of Third-Party Complaints."  (["Motion"], Doc. No. 93.)  No response has been filed to the Motion.

      Defendant/Counterclaim-Plaintiff Terrelle Jackson ["Mr. Jackson"], proceeding *pro se*,[1] seeks reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of this court's Order, entered on March 31, 2021, dismissing his third-party claims for lack of service.  (Mot. 1; *see* Doc. No. 92.)  Mr. Jackson argues that he "did not understand fully" the Order to Show Cause, which was issued by this court on March 1, 2021, regarding his failure to serve the nineteen

---

[1] Mindful of Mr. Jackson's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* litigant "to less stringent standards than formal pleadings drafted by lawyers").

Third-Party Defendants named in his Answer, Counterclaim, and Third-Party Complaint.  (Mot. 1; *see* Doc. No. 72.)

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed, or to advance arguments that could have been previously raised.  *Id.*

Plaintiffs/Counterclaim-Defendants Rose Banks, Lamont Banks, and Colorado Springs Fellowship Church commenced this action on July 16, 2020, and then filed an Amended Complaint on July 21, 2020, asserting various claims against Mr. Jackson.  (Doc. Nos. 1, 10.) On September 22, 2020, Mr. Jackson filed an Answer to the Amended Complaint, in which he also asserted third-party claims against nineteen individuals and entities—Walter Goins, Sr., Michele Harris, Yolanda Moore, Ariel Haughton, Tiffany Stewart, Ronald Cooks, Sr., Julia Cooks, Janette Williams, Jynel Gaulden, Ashley Brown, Local Non-Profit: A Just Cause (20-0612423), William Williams, Wayne Wright, Necey Jenkins, Amber Henderson, Bianca Stevenson, Lizz Pee, Olivia Hodges, and Kea Banks.[2]  (Doc. No. 31 at 16-17.)  On February 25, 2021, Mr. Jackson filed an Amended Answer, Counterclaim, and Third-Party Complaint,

---

[2] In his Answer, Mr. Jackson incorrectly identified those nineteen individuals and entities as "Cross Claimants."  (Doc. No. 31 at 17.)

asserting identical third-party claims against those same individuals and entities.  (Doc. No. 70 at 16-17.)

When Mr. Jackson failed to serve any of the Third-Party Defendants within the time limits prescribed by Rule 4(m),[3] on March 1, 2021, this court ordered Mr. Jackson to show cause as to why his claims against those nineteen individuals and entities should not be dismissed for lack of service.  (Doc. No. 72.)  Mr. Jackson was explicitly warned that his failure to respond and show cause for his failure to properly serve the nineteen Third-Party Defendants would result in their dismissal from this case.  (*Id.* at 2-3.)

On March 12, 2021, Mr. Jackson filed a twelve-page, single-spaced Response to the Order to Show Cause, insisting that his third-party claims "should stand," given "the entire smear campaign and abusive harassment that took place across all social media outlets from each individual."  (Doc. No. 12.)  Mr. Jackson also "included 200+ exhibits" to "prove" the validity of his third-party claims.  (*Id.* at 2.)  In addition, Mr. Jackson set forth "more in-depth reasoning as to why each [Third-Party Defendant] should remain on this case."  (*Id.* at 3.)  Notably, however, nowhere in his Response did Mr. Jackson address his failure to effectuate service of those nineteen individuals and entities.

By Order dated March 31, 2021, this court made the Order to Show Cause absolute, and dismissed Mr. Jackson's claims against the nineteen Third-Party Defendants without prejudice,

---

[3] Rule 4(m) provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

pursuant to Rule 4(m).  (Doc. No. 92.)  The March 31, 2021 dismissal order discusses, in detail, the reasons for the dismissal of Mr. Jackson's third-party claims.

In the present Motion, Mr. Jackson argues that the court should "reconsider the decision to dismiss the [] third-party claims," due to the fact that he "did not understand fully the show cause order."  (Mot. 1.)  Mr. Jackson insists that he "really wanted to comply" with this court's Order to Show Cause, and states that he "honestly tried" to do so, but claims that he was mistakenly "under the impression" that his Response to the Order to Show Cause "had to be approved before [he] could serve the 3rd parties with the complaint."  (*Id.* at 1-2.)  In addition, Mr. Jackson emphasizes that he is a *pro se* litigant, and reports that he has "reached out to several lawyers for assistance with this to try and gain an understanding on how to even write a claim."  (*Id.*)

After review of the present Motion and the entire file, the court finds no justifiable reason to reconsider the March 31, 2021 Order, or to reinstate Mr. Jackson's third-party claims.  Indeed, in his Motion, Mr. Jackson merely rehashes arguments previously raised in his Response to the Order to Show Cause.  *See Paraclete*, 204 F.3d at 1012.  Further, as this court has repeatedly stated, even though Mr. Jackson is a *pro se* litigant, he must still comply with the same rules of procedure governing other litigants, including Rule 4.  *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993); *see Dawson v. Rios*, No. CIV-17-1311-G, 2019 WL 4773820, at *2 (W.D. Okla. Sept. 30, 2019) (holding that a litigant's *pro se* status, alone, did not provide good cause to extend the ninety-day service deadline).  Therefore, because Mr. Jackson has failed to demonstrate a misapprehension of the facts, his position, or the controlling law, his motion for reconsideration will be denied.

Accordingly, it is

**ORDERED** that the "Motion for Reconsideration of Dismissal of Third-Party

Complaints" (Doc. No. 93) is **DENIED**.

This 3rd day of May, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge