IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02074–KMT

ROSE BANKS,
LAMONT BANKS,
COLORADO SPRINGS FELLOWSHIP CHURCH,

      Plaintiffs/Counterclaim-Defendants,

v.

TERRELLE JACKSON,

      Defendant/Counterclaim-Plaintiff.

---

## ORDER

---

This matter is before the court on two motions: (1) Plaintiffs/Counterclaim-Defendants' "Motion for Preliminary Injunction;" and (2) Defendant/Counterclaim-Plaintiff's "Motion for Sanction Request."  (["Plaintiffs' Motion"], Doc. No. 62; ["Defendant's Motion"], Doc. No. 64.) Defendant/Counterclaim-Plaintiff has responded in opposition to the Motion for Preliminary Injunction, and Plaintiffs/Counterclaim-Defendants have replied.  (["Defendant's Response"], Doc. No. 63; ["Plaintiffs' Reply"], Doc. No. 66.)  Plaintiffs/Counterclaim-Defendants have likewise responded in opposition to the Motion for Sanctions.  ["Plaintiffs' Response"], Doc. No. 69.)  No other briefing has been filed as to the two present Motions, and the time to do so has lapsed.  For the following reasons, both Motions are DENIED.

## STATEMENT OF THE CASE

Plaintiffs/Counterclaim-Defendants Rose Banks, her adult son, Lamont Banks, and the Pentecostal Christian church of which they are both members, Colorado Springs Fellowship Church [collectively, "Plaintiffs"] bring this diversity action against a former church parishioner, Defendant/Counterclaim-Plaintiff Terrelle Jackson ["Defendant," or "Mr. Jackson"] asserting claims for defamation, intentional infliction of emotional distress, and extreme and outrageous conduct.  (["Complaint"], Doc. No. 10.)  Specifically, Plaintiffs allege that, starting around June 2018, and continuing to the present date, Mr. Jackson has been "post[ing] on social media defamatory, false and slanderous statements" about them.  (*Id.* at ¶¶ 2, 5.)

After this lawsuit was commenced, on September 8, 2020, Plaintiffs filed a motion for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, asking that the court enjoin Mr. Jackson "from posting or disseminating any further statements, comments or otherwise publishing any remarks or observations regarding the named Plaintiffs herein."  (Doc. No. 20 at 1.)  Given that Plaintiffs were essentially asking the court to prohibit Mr. Jackson from speaking, writing, or publishing about them, at all, before any jury determination that Mr. Jackson's comments were, in fact, false and defamatory, the court denied Plaintiffs' motion, on the grounds that a "preliminary prior restraint" is "something the court cannot do."  *Banks v. Jackson*, No. 1:20-cv-02074-DDD-KMT, 2020 WL 6870739, at *2 (D. Colo. Oct. 2, 2020).

On February 2, 2021, Plaintiffs filed the present Motion for Preliminary Injunction, asking once again, that the court enjoin Mr. Jackson "from posting or disseminating any further statements, comments or otherwise publishing any remarks or observations regarding the named Plaintiffs herein."  (Pls.' Mot. 1.)  Plaintiffs state that this, their second request for a preliminary

2

injunction, is based on "new evidence," which "concerns a recent posting by [] Defendant that can reasonably be described as promoting violence and more than merely suggesting that the target of the violence be the Plaintiff Rose Banks." (Doc. No. 62-1 at 2-3.) Specifically, Plaintiffs reports that, on January 15, 2021, Mr. Jackson posted the following statements to his personal Facebook account:

> You'll find that a lot of folk have such hatred in their heart towards Rose Banks and want to see her dead . . . if that's your goal stay FAR AWAY from me. I want to see her REPENT! . . . we are not the same! #ISaidWhatISaid

(Doc. No. 62-4.) According to Plaintiffs, "[t]he only conclusion that can be reached" from this social media post is that Mr. Jackson "is making clear, by obfuscation, but still evident to anyone who reads his posting, that he is making, minimally, a veiled threat of violence against Ms. Banks." (Doc. No. 62-1 at 6.) Plaintiffs, thus, contend that the court should "preliminary enjoin [] Defendant from posting anything additional regarding the named Plaintiffs." (*Id.* at 12.)

On February 8, 2021, Mr. Jackson, who is proceeding *pro se*,[1] filed a Response to the Motion for Preliminary Injunction, insisting that "[a]nyone using a proper conscience and comprehension can tell that [the January 15, 2021 Facebook post] was in no way a threat towards the Plaintiff whatsoever." (Def.'s Resp. 1.) That same day, Mr. Jackson filed a Motion for Sanctions, asking that "a sanction be placed on each Plaintiff and their lawyer for the utter disrespect and sheer unconcern for wasting the courts [sic] precious time and efforts." (Def.'s Mot. 1.) Specifically, Mr. Jackson argues that Plaintiffs' renewed request for a preliminary

---

[1] Mindful of Mr. Jackson's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* litigant "to less stringent standards than formal pleadings drafted by lawyers").

3

injunction "is based off a false perspective and a delusional conclusion and this should merit a legal sanction." (*Id.*)

## ANALYSIS

### *I. Plaintiffs' Motion for Preliminary Injunction*

A preliminary injunction is an extraordinary remedy; accordingly, the movant's right to relief must be "clear and unequivocal." *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). A movant must show: (1) a likelihood of success on the merits; (2) a threat of irreparable harm, which outweighs any harm to the nonmovant; and (3) that the injunction would not adversely affect the public interest. *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

In the present Motion, Plaintiffs, once again, ask the court to totally enjoin Mr. Jackson from speaking, writing, or publishing about them, prior to any determination that Mr. Jackson is liable for defamation. (Pls.' Mot. 1.) Such a prohibition is a form of prior restraint. *Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993) ("A prior restraint is a government regulation that limits or conditions in advance the exercise of protected First Amendment activity."). As previously stated in this very case, an injunction as to defamatory statements is permissible, only if it is (1) "narrowly tailored," (2) "based upon a continuing course of repetitive speech," and (3) "granted only after a final adjudication on the merits that the speech is unprotected." *Banks*, 2020 WL 6870739, at *2 (quoting *Auburn*, 8 F.3d at 903); *see Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) ("Any prior restraint on expression comes to this Court with a heavy presumption against its constitutional validity."). Here, there still has not been a "final adjudication on the merits." *Auburn*, 8 F.3d at 903. As such, Plaintiffs' renewed

request for a prior restraint injunction must be denied. *See Banks*, 2020 WL 6870739, at *2 (denying a preliminary injunction motion on that basis).

## II. Defendant's Motion for Sanctions

Mr. Jackson asks that sanctions be imposed against Plaintiffs, on the basis that their Motion for Preliminary Injunction was "heinous and egregious," and was filed purely as "an abusive and deceptive tactic." (Def.'s Mot. 1-2.) In addition, Mr. Jackson argues that the preliminary injunction motion was, ultimately, "a waste of the courts [sic] time and resources." (*Id.* at 2.)

Federal Rule of Civil Procedure 11 provides, in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). A finding of bad faith is not necessary to find a violation of Rule 11. *Colo. Chiropractic Counsel v. Porter Memorial Hosp.*, 650 F. Supp. 231, 237 (D. Colo. 1986). The

5

applicable standard is one of objective reasonableness in all circumstances. *White v. Gen. Motors Corp.*, 908 F.2d 675 680 (10th Cir. 1990). The court retains discretion as to whether to impose sanctions under Rule 11. *See Augustine v. United States*, 810 F.2d 991, 996 (10th Cir. 1987) ("The refusal to impose sanctions is solely within the discretion of the trial court, to be reversed only when that discretion is abused.").

Here, Mr. Jackson's Motion for Sanctions fails for both procedural and substantive reasons. Procedurally, there is no indication in the record that Mr. Jackson complied with the mandatory safe harbor provision of Rule 11(c)(2), which requires a party who seeks Rule 11 sanctions to serve a copy of his or her motion on the party accused of sanctionable behavior twenty-one days before the motion is filed. Fed. R. Civ. P. 11(c)(2); *Roth v. Green*, 466 F. 3d 1179, 1191-92 (10th Cir. 2006). In the Tenth Circuit, Rule 11's safe harbor provision is "strictly enforced." *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 n.5 (D. Colo. 2019) (quoting *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010); *see Roth*, 466 F.3d at 1192-93 (holding substantial compliance with Rule 11(c)(2) to be insufficient). Therefore, Mr. Jackson's motion is appropriately denied on that basis alone. *See Wolf*, 2010 WL 2232353, at *2 (denying a defendant's motion for sanctions, because there was no evidence that the defendant complied with Rule 11(c)(2)).

Substantively, Mr. Jackson does not demonstrate any arguable basis for the imposition of sanctions. In his Motion, Mr. Jackson asks that sanctions be imposed against Plaintiffs and their attorney, on the grounds that the Motion for Preliminary Injunction "was a super far reach and show[ed] no respect for the courts," in that it "contained several fabricated key points," and was "based off of a false perspective and a delusional conclusion." (Def.'s Mot. 1.) In addition, Mr.

Jackson claims that Rose Banks, specifically, provided information in support of the motion that was "falsified and deceptive." (*Id.* at 1-2.) Notably, however, Mr. Jackson fails to even identify the purportedly "fabricated" information, much less to explain why Plaintiffs' submission of that information warrants the imposition of legal sanctions against them.

To the extent that Mr. Jackson is asking the court to address the merits of his claims or defenses, Rule 11 is not the appropriate vehicle for such a request. *See* 5A Charles Wright, Arthur Miller & Edward Cooper, Federal Practice & Procedure § 1336 (3d ed. 2009) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."); *see also Ross v. Mukasey*, No. 08-cv-00643-PAB-MJW, 2009 WL 4250124, at *2 (D. Colo. Nov. 24, 2009) ("[U]nlike a motion for summary judgment or other established means for addressing the merits of a case, Rule 11 lacks a framework under which factual issues may be settled."); *Truong v. Smith*, 28 F. Supp. 2d 626, 633 (D. Colo. 1998) (denying a motion for sanctions, because it invoked the merits of the case and "[s]uch arguments . . . are more properly presented in a motion for summary judgment").

Plaintiffs, in response, insist that their most recent request for a preliminary injunction "was premised upon entirely new grounds than the prior Motion." (Pls.' Resp. 1.) In addition, Plaintiffs contend that the "purpose" of the renewed motion for a preliminary injunction "was laid out plainly and reasonably, and was premised upon Jackson's aggravating and heightened use of social media to a level not cited in the prior motion." (*Id.* at 2.) The court, upon its review of the Motion for Preliminary Injunction, finds that the document reflects a sufficiently diligent, thorough attempt to respond to what Plaintiffs' perceived to be "a continuous and

unceasing libelous attack" upon their reputations.  (Pls.' Mot. 1.)  Therefore, the motion for sanctions under Rule 11 is appropriately denied.

Accordingly, it is

**ORDERED** that the "Motion for Preliminary Injunction" (Doc. No. 62) is **DENIED**.  It is further

**ORDERED** that the "Motion for Sanction Request" (Doc. No. 64) is **DENIED**.

Dated this 12th day of May, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge