IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

| | |
|---|---|
| Civil Action No: 20-cv-02074 | Date: June 15, 2021 |
| Courtroom Deputy: E. Lopez Vaughan | FTR: Courtroom 101 |

| _Parties:_ | _Counsel:_ |
|---|---|
| Banks et al, | Bernard Kleinman |
|    Plaintiff, | |
| v. | |
| Jackson, | Pro se |
|    Defendant. | |

## COURTROOM MINUTES

**MOTION HEARING**

**1:33 p.m.**  **Court in session.**

Court calls case. Appearances entered. This matter comes before the court for arguments on Defendant's Motion to Request for Sanction [94] and Plaintiffs' Motion for Sanctions re Deposition R. 30(d)(2), 37 [96]. Both motions reflect the parties' misunderstanding and/or disagreement of the time parameters set by the Court for the Plaintiff's deposition of the Defendant. Deposition time limitation of 3 hours contemplated 3 hours of actual testimonial time and did not include breaks, times where there were technical problems or times where the court reporter was arranging for alternate coverage.

Discussion regarding bringing third parties into the room during a remotely conducted deposition. All persons attending must be identified and must be visible to all others on the screen. They will not be allowed to come and go during the deposition and are not to speak or participate in any way other than observing.

**ORDERED**: During upcoming continuation of Defendant's deposition, the Defendant may have no more than three observers attending the deposition but only if the observers are not otherwise witnesses in the case and only if the observers agree to abide by the directions herein and to be fully visible on the video media at all times.

**ORDERED**: Defendant's Motion to Request for Sanction [94] is **DENIED**.

Plaintiff's motion addresses Defendant's failure and/or refusal to provide certain information relevant to Defendant's claims for damages caused by Plaintiff's alleged actions which Defendant alleges negatively impacted his professional reputation.  Counsel for Plaintiff will draft a proposed protective order containing an attorney's eyes only provision.  Once the protective order is entered by the court, Defendant may designate documents such as Defendant's income tax returns, previous and current employment information and other active email addresses as AEO confidential consistent with the court's orders and directives in court.

Plaintiff agrees that income tax returns for 2016 to present are sufficient to respond to the document request.  Defendant will complete the IRS form to release tax returns from 2016 through 2020 directly to Plaintiff, who will provide copies to Defendant.

**ORDERED**:   Plaintiffs' Motion for Sanctions re Deposition R. 30(d)(2), 37 [96] is **GRANTED IN PART and DENIED IN PART** as set forth on the record.  Plaintiff will be allowed to depose the Defendant for one additional hour of testimonial time; costs to be born in the normal manner.  The continued deposition will be taken no later than July 15, 2021.  No sanctions are imposed on Defendant with respect to his leaving his last deposition early.  Further, all documents which the court directed Defendant to produce will be produced, with AEO designation if appropriate, **prior to the scheduled deposition of Defendant** or by July 15, 2021, whichever date comes earlier.[1]

**ORDERED:** **Discovery** deadline is extended **to July 15, 2021 for the sole purposes of** completion of the Defendant's deposition and production of the discovery addressed at this hearing.

**ORDERED:** **Dispositive motions** deadline is extended **to August 31, 2021**.

**2:50 p.m.**     **Court in recess.**

Hearing concluded.
Total in-court time    01:17

*To order transcripts of hearings, please contact Patterson Transcription Company at (303) 755-4536 or AB Litigation Services at (303) 629-8534.

---

[1] For example, if the parties agree on a deposition date of July 13, 2021 all documents must be produced by no later than July 12, 2021.

2