IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02074–KMT

ROSE BANKS,
LAMONT BANKS,
COLORADO SPRINGS FELLOWSHIP CHURCH,

     Plaintiffs/Counterclaim-Defendants,

v.

TERRELLE JACKSON,

     Defendant/Counterclaim-Plaintiff.

---

# ORDER

---

     This matter is before the court on Defendant Terrelle Jackson's "Motion to Compel." [("Motion"), Doc. No. 109.] Plaintiffs filed their "Response in Opposition to Motion to Compel (ECF109)," on August 5, 2021. [("Response"), Doc. No. 110.] No reply was filed.

     Defendant alleges that he served discovery requests on Plaintiffs, on March 6, 2021. [Mot. 1; *see* Mot. Ex. A, Doc. No. 109-1.] Defendant argues that none of his discovery was properly responded to, and he requests that this court "compel each Plaintiff to answer watch (sic) interrogatory correctly and honestly." [*Id.* at 2.]

     The court has reviewed "Plaintiffs Responses to Defendant's Interrogatories Rule 33, FRCivP," which are attached as an exhibit to Defendant's Motion. [("Plaintiffs' Responses to Defendant's Interrogatories"), Mot. Ex. B, Doc. No. 109-2.] Each of Defendant's Interrogatories directed at Plaintiff Rose Banks was met with the following response: "Objected to as vague, improper, overly broad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence," without any further specificity.  [Pls.' Resps. to Def.'s Interrogs. 3-8 ¶¶ 1-25.]  Certain of Ms. Banks's Interrogatory Responses included a further objection, that the interrogatory at issue "assumes facts not in evidence," without any specificity as to what facts or what evidence might be implicated.  [*Id.* at 3-7 ¶¶ 4, 7-11, 13, 15, 19, 22-23.]  In only one instance did Plaintiff Rose Banks elaborate further, by stating gratuitously, "the Defendant is directed to the Verified Complaint and all filings to date."  [*Id.* at 6 ¶ 18.]  Not one of the twenty-five Interrogatories directed towards Ms. Banks was substantively answered.

The Interrogatories directed at Plaintiff Lamont Banks fared little better, except for Defendant's Interrogatory No. 7, to which Plaintiff Lamont Banks responded: "Plaintiff has no knowledge as to what the age of the Defendant was at any one time;" and Defendant's Interrogatory No. 8, to which Plaintiff Lamont Banks added the following gratuitous language: "see the Verified Complaint and such additional filings as have been made with the Court."  [*Id.* at 9 ¶¶ 7-8.]  Defendant's Interrogatory No. 14 was actually answered by Mr. Banks, after the boilerplate objections were set forth, with the following response: "The Plaintiff, as Executive Director is responsible for the day-today operations and management of the organization."  [*Id.* at 10-11 ¶ 14.]  As to all sixteen Interrogatories directed at Plaintiff Lamont Banks, objections were made that the Interrogatory at issue was "vague, improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence," with some of these objections being joined by the "assumes fact not in evidence" objection.  [*Id.* at 8-11 ¶¶ 1-16.]  None of Mr. Banks's objections was supported by specific facts or law.

The same maladies plagued the Interrogatory Responses from Plaintiff Colorado Springs Fellowship Church, except that several of the Interrogatories actually drew very abbreviated

factual responses.  [*See id.* at 11-13 ¶¶ 3, 5, 7-8.]  Nonetheless, the same boilerplate, non-specific objections were made to every Interrogatory, and no specificity was given as to any of the objections, or explanation as to how the objections might relate to any of the Interrogatories.

As if this weren't enough, Plaintiffs also included a section entitled "General Objections to Interrogatories" which, *inter alia*, attempted to preserve objections based on anything Plaintiffs may have forgotten to object to currently.  [*Id.* at 2 ¶ 3.]

The Federal Rules of Civil Procedure make clear that the grounds for objecting to written discovery must be stated with specificity as to interrogatories, and that objections to document requests must be "state[d] with specificity . . . including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Specifically, with respect to interrogatories such as those at issue here, Rule 33 provides:

> (3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
>
> (4) *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Fed. R. Civ. P. 33(b)(3)-(4).

Federal Rule of Civil Procedure 26(g) was enacted "to bring an end to the . . . abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual basis."  *Heller v. City of Dallas*, 303 F.R.D. 466, 477 (N.D. Tex. 2014) (citing *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008)).  Rule 26(g) "and its commentary are starkly clear: an objection to requested discovery may not be made until after a lawyer has paused and consider[ed] whether, based on a reasonable inquiry, there is a factual basis [for the] . . . objection."  *Id.* (internal quotation marks omitted).  "[M]erely assert[ing]

3

boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc. without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the] discovery requests" simply is not enough. *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 440–41 (D. Utah 2020); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 185 (N.D. Iowa 2017).

Courts addressing a lack of specificity in discovery objections have posited that "either the [responding parties] lacked a factual basis to make the objections that they did, which would violate Rule 26(g), or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required." *Heller*, 303 F.R.D. at 484 (quoting *Mancia*, 253 F.R.D. at 364).

The term, "specificity," is undefined in the Rules, but its customary meaning is: "The quality or fact of being specific in operation or effect." *Specificity*, THE OXFORD ENGLISH DICTIONARY (3d ed. 2004). The word, "specific," means, in relevant part: "Having a special determining quality; Peculiar to, characteristic of, something." *Specific*, THE OXFORD ENGLISH DICTIONARY (3d ed. 2004). Thus, under a plain language approach to Rules 33 and 34, a responding party's objections must have a "special determining quality" that is "peculiar to," or "characteristic of," the request to which the responding party is objecting. *Smash Tech.*, 335 F.R.D. at 446; *see also Peabody Twentymile Mining, LLC v. Sec'y of Labor*, 931 F.3d 992, 997 (10th Cir. 2019). Boilerplate objections, without further elaboration, violate the Federal Rules.

4

Unfortunately, some lawyers still practice with an eye toward certain traditional, albeit wasteful and obstreperous, practices of utilizing boilerplate objections. Some of these civil discovery "traditions" include: "(1) a page or two of 'general objections' wherein the responding civil litigator objects 'to the extent that' any of the interrogatories, document requests, or requests for admission violate some rule; (2) objecting in every discovery response that the request was vague, ambiguous, overbroad, and unduly burdensome, among many other things; but (3) providing a response 'without waiving and subject to' all of the foregoing objections," or, as happened here, providing no response at all. *Smash Tech.*, 335 F.R.D. at 440. Fortunately for the more progressive litigators everywhere, the amendments to the Federal Rules of Civil Procedure, themselves, along with cases too numerous to cite here, have all declared an ignominious end to the tradition of boilerplate objections.[1]

As one commentator has stated:

> The hallmark of a boilerplate objection is its generality. The word "boilerplate" refers to "trite, hackneyed writing"—an appropriate definition in light of how boilerplate objections are used. An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request. For example, a boilerplate

---

[1] Although the cases are too numerous to cite, here are just a few from the past forty years: *Fischer v. Forrest*, No. 14-CV-1304-PAE-AJP, 2017 WL 773694, *1, *3 (S.D.N.Y. Feb. 28, 2017) (issuing "a discovery wake-up call" that general objections violate the rules especially after 2015 amendments to Federal Rules of Civil Procedure); *Precision Pine & Timber, Inc. v. United States*, No. 98-720 C, 2001 WL 1819224, *6 (Fed. Cl. Mar. 6, 2001) ("It is well established in federal practice that broad and sweeping objections to interrogatory and document requests are improper."); *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("General objections may result in waiver of the objections. Plaintiffs' catch-all objection named every conceivable ground including objections that the interrogatories are duplicative, not relevant to the subject matter of the litigation, oppressive, and overly vague. Plaintiffs' response was so broad as to be meaningless.").

> objection might state that a discovery request is "irrelevant" or "overly broad" without taking the next step to explain why. These objections are taglines, completely "devoid of any individualized factual analysis." Often times they are used repetitively in response to multiple discovery requests. Their repeated use as a method of effecting highly uncooperative, scorched-earth discovery battles has earned them the nicknames "shotgun"—and "Rambo"—style objections. The nicknames are indicative of the federal courts' extreme disfavor of these objections.

Matthew L. Jarvey, *Boilerplate Discovery Objections: How They are Used, Why They are Wrong, and What We Can Do About Them*, 61 DRAKE L. REV. 913, 914–16 (2013) (internal citations omitted).

Under the current Rule then, a "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Smash Tech.*, 335 F.R.D. at 449 (quoting *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. 2004)). Further, a responding party is charged with exercising "common sense and attribut[ing] ordinary definitions to terms in discovery requests." *Id.* (quoting *Rogers v. Giurbino*, 288 F.R.D. 469, 489 (S.D. Cal. 2012)).

A claim of irrelevance, too, is up to the responding party to define. Relevance, at the discovery stage, is broadly construed. Pursuant to the Federal Rules of Civil Procedure, the scope of discovery "is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir.1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Indeed, "[i]t is plain that the scope of discovery through interrogatories is limited only by relevance and burdensomeness," and not by such undefined terms as 'improper,' or 'assumes facts not in evidence.' *E.E.O.C. v. Outback Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 607 (D. Colo. 2008) (quoting *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975) (alterations omitted).

Generally, "a request for discovery should be considered [relevant] if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, 300 F.R.D. 678, 683 (D. Colo. 2014) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001)). "When the discovery sought appears relevant [on its face], the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (quoting *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004)).

Despite the breadth of discovery, its scope "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1519 (citation omitted). Pursuant to Rule 26(b)(2)(c)(iii), the court has the power to limit discovery, if "the burden or expense of the proposed discovery outweighs its likely benefit." However, the "burden of showing that the requested discovery is objectionable falls on [the objecting party]," and it "cannot be satisfied by merely asserting a boilerplate objection to discovery without providing concrete substantiation." *Outback Steakhouse*, 251 F.R.D. at 608.

In this case, Plaintiffs fail to provide either a factual basis, or a legal basis, for any of the objections set forth in their Responses to Defendant's Interrogatories. Plaintiffs' objections stating, "vague, improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence," as well as their objections stating, "assumes facts

7

not in evidence," fail the specificity requirements because they conceal from opposing counsel and the court the actual problem with each request.

In fact, Plaintiffs' counsel, Mr. Kleinman, exacerbated this very issue during the June 15, 2021 Motions Hearing. (*See* Doc. No. 103.)  Specifically, when Defendant, who is *pro se*, questioned the lack of any true responses to his discovery interrogatories, Mr. Kleinman affirmed (to Defendant and this court) that Plaintiffs believed they had produced everything required, and that there was no further information which would be forthcoming.  Mr. Kleinman made no attempt to elaborate upon his unsupported objections, which were not presented to the court at that time.  It was not until the filing of their Response to the instant Motion that Plaintiffs made any attempt to rectify their lack of specificity with more detailed explanations concerning their relevance objections, stating that "the sole and exclusive purpose of the Defendant's wide-ranging and irrelevant queries set forth in his Interrogatories will serve no other purpose but to further encourage him to post more videos, and statements on social media," and, as to a few of the vagueness challenges, stating that "the Defendant failed to put in any sort of definitional section or introduction to his proffered Interrogatories."[2]  [Resp. 3-4.]  These delinquent explanations are too little, too late.

Given the ample authority cited herein, the court now OVERRULES all of Plaintiffs' boilerplate objections, as that term is used in this decision, including the objections "vague, improper, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of

---

[2] Plaintiffs were purportedly confounded by the definitions of the terms 'pledge' and 'obligations.' [Resp. 4]; *see Swackhammer*, 225 F.R.D. at 662 ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.")

8

admissible evidence and assumes facts not in evidence." The court also OVERRULES Plaintiffs' "General Objections," which neither explain nor preserve anything and also fail the specificity requirements of the Federal Rules of Civil Procedure. Finally, the court finds that if a response to a delineated interrogatory is protected by a privilege, the response should have said so with specificity and a privilege log produced. Neither was done in this case. As such, to the extent any of those objections may have been applicable to any of the Interrogatories, they are also OVERRULED.

Accordingly, it is

**ORDERED** that Defendant Terrelle Jackson's "Motion to Compel" [Doc. No. 109] is **GRANTED.** It is further

**ORDERED** that, on or before **September 13, 2021**, Plaintiffs **SHALL** respond fully to each Interrogatory contained in Defendant's "Motion for Admission of Interrogatories" [Doc. No. 109-1]. Plaintiffs are specifically precluded from asserting, or relying upon, any objections to any Interrogatory, since Plaintiffs' improperly imposed objections have been overruled and additional objections, not timely asserted, have been waived. *See* Fed. R. Civ. P. 33(b)(4).

Dated August 27, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge